# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

------------------------------------------------------------ x
In re:                                                                     :        Chapter 7
                                                                                 :
BRILLIANT ENERGY, LLC                                     :        Case No. 21-30936 (DRJ)
                                                                                 :
                    Debtor.                                                :
                                                                                 :
------------------------------------------------------------ x

## DTE ENERGY TRADING, INC.'S EMERGENCY MOTION TO CONVERT CHAPTER 7 CASE TO CHAPTER 11 AND FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE

> **Emergency relief has been requested. A hearing will be conducted on this matter on March 17, 2021 at 2:30 p.m. (Prevailing Central Time) in Courtroom 400, 4th floor, United States Bankruptcy Court for the Southern District of Texas, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing by audio/video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. You will be responsible for your own long-distance charges. Once connected, you will be asked to enter the conference room number. Judge Jones' conference room number is 205691.**
>
> **You may view video via GoToMeeting. To use GoToMeeting, the Court recommends that you download the free GoToMeeting application. To connect, you should enter the meeting Code "JudgeJones" in the GoToMeeting app or click the link on Judge Jones' home page on the Southern District of Texas website. Once connected, click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of the hearing. To make your electronic appearance, go to the Southern District of Texas website and select "Bankruptcy Court" from the top menu. Select "Judges' Procedures," then "View Home Page" for Judge Jones. Under "Electronic Appearance" select "Click here to submit Electronic Appearance". Select the case name, complete the required fields and click "Submit" to complete your appearance.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must either appear at the hearing or file a written response prior to the hearing. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Relief is requested not later than March 17, 2021.**

DTE Energy Trading, Inc. ("**DTEET**") respectfully states the following in support of this emergency motion (the "**Motion**"):

## PRELIMINARY STATEMENT

1. By this Motion, DTEET requests entry of an order (a) converting this chapter 7 case to one under chapter 11 of the Bankruptcy Code and (b) directing the appointment of a trustee under section 1104 of the Bankruptcy Code in order to prevent immediate and irreparable harm the Debtor's estate and facilitate a sale process that will maximize value. In the absence of such relief, the estate is almost certain to lose its most valuable assets, *viz*. its contracts for the sale of electricity to retail customers.

2. DTEET supplies energy to the Debtor on credit pursuant to a series of agreements, the obligations under which are secured by first priority liens on substantially all the Debtor's assets and equity interests. The Debtor has been in payment default under these agreements beginning at least three and a half years ago. DTEET was owed approximately $15 million from the Debtor prior to the recent Texas weather events in late February, and that amount has grown to north of $60 million since then. Notwithstanding these defaults, DTEET has continued to supply energy to the Debtor for sale to its customers and has continued to allow the Debtor to use DTEET's cash collateral to fund operating losses, for the purpose of facilitating an orderly sale of the Debtor's customer contract portfolio while the Debtor operates its business as a going concern.

3. Rather than respond as any reasonably prudent manager or officer of a distressed business would, the Debtor's management instead ignored their legal duties, risking the destruction of tens of millions of dollars of going concern value that DTEET is hereby attempting to rescue. Management's disregard of their legal duties initially took the form of the consistent refusal to execute on a sale of the customer contracts despite opportunities to do so, apparently because the proceeds of such sale did not generate a sufficient (or any) return to equity holders, all or some of

2

whom also serve as management. More recently, DTEET and the Debtor engaged in negotiations over a transaction that would have permitted either a secured party sale of the customer contracts, or other actions to preserve the value of the customer contracts, before the Debtor's management abruptly ended those negotiations, sent the Debtor's employees home, and then filed the instant chapter 7 case.

4. As a retail electric provider, the Debtor's most valuable assets are its customer contracts. Under Texas law, if a retail electric provider ceases operations, its contracts can be transferred to a provider of last resort. If that happens here, the Debtor will lose the contracts, destroying DTEET's collateral and most of the value in the estate, and retail contracts will have lost the contracts negotiated with their chosen REP, and instead be moved to a provider designated by ERCOT with rates typically much higher than under their current contracts. Conversion of this case to chapter 11 and the appointment of a trustee to conduct an orderly sale of the customer contracts will provide an opportunity to avoid this scenario and maximize the value of the estate's assets for the benefit of all stakeholders.[1]

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction to consider this Motion under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] Contemporaneously with the filing of this Motion, DTEET has reached out to the chapter 7 trustee appointed in this case (the "**Trustee**") to discuss potentially operating the Debtor's business under section 721 of the Bankruptcy Code to allow for an orderly liquidation process. To the extent the Trustee is willing to do so, DTEET would also support the entry of an order authorizing the Trustee to operate the Debtor's business under section 721 for a limited time to allow the sale of the Debtor's customer contracts. DTEET is prepared to negotiate consensual use of cash collateral with the Trustee and otherwise would support a sale process run by the Trustee.

6. The bases for the relief requested herein are sections 105(a), 706(b), and 1104 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 1018, 2007.1, and 9013 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

## BACKGROUND

7. On March 16, 2021 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief in this court under chapter 7 of the Bankruptcy Code. Randy W. Williams has been appointed as Trustee.

8. DTEET supplies electricity to the Debtor on credit and provides ancillary services pursuant to that certain (i) Energy Marketing Agreement, dated January 8, 2010 (as amended, modified or supplemented from time to time, the "**EMA**"), (ii) ISDA 2002 Master Agreement dated January 8, 2020 (together with all schedules, annexes and transactions entered into in connection therewith, the "**ISDA**"), and (iii) Credit Agreement, dated as of January 8, 2010 (the "**Credit Agreement**"). The Debtors' obligations to DTEET under the EMA, ISDA and Credit Agreement are secured by first priority perfected liens on (a) substantially all of the Debtor's assets pursuant to that certain Security Agreement, dated as of January 8, 2020, between the Debtor and DTEET (the "**Security Agreement**") and (b) 100% of the Debtor's limited liability company membership interests (the "**Membership Interests**") pursuant to that certain (v) Membership Interest Pledge Agreement, dated January 8, 2020 (the "**Pledge Agreement**"; together with the EMA, ISDA, Credit Agreement, Security Agreement, and all related security and other documents, the "**Transaction Documents**"), by Ambrosero Corporation, Richard Wakim and Joseph J. Capasso (collectively, the "**Equtyholders"**) in favor of DTEET.

9. The Debtor has been in default under the Transaction Documents since at least July 2017. From that point through Petition Date, DTEET has worked with the Debtor in an attempt to preserve the value of the Debtor's business as a going concern. Specifically, DTEET has allowed the Debtor to continue using DTEET's cash collateral and has continued to supply power and ancillary services notwithstanding the Debtor's default.

10. Prior to extreme winter storm beginning on February 13, 2021, the outstanding balance due under the Transaction Documents was approximately $15 million, not including interest and fees. Since the recent Texas weather events, that balance has grown to north of $60 million as a result of regulatory charges paid by DTEET and passed to the Debtor in accordance with the terms of the Transaction Documents. Despite the increase in obligations to DTEET, the Debtor still retained significant value in its customer contracts.

11. Market indicators suggest that the customer contracts have a value of approximately $6-12 million. The value of those customer contracts now is at risk of being lost as a result of this chapter 7 filing and management's precipitous actions during the period leading up to the chapter 7 filing. The Debtor is a retail electric provider (a "**REP**"). REPs purchase power from wholesalers, such as DTEET, for resale to retail customers (residential, commercial and industrial) under contracts with the REP. In instances where a REP is no longer able to meet its obligations, the Electric Reliability Council of Texas ("**ERCOT**") has the ability to transfer all or some of the REP's customers to a provider of last resort ("**POLR**") to ensure uninterrupted electric service. The Debtor maintains no significant assets of value beyond its customer contracts and related receivables. If the Debtor's contracts were to be transferred to a POLR, the Debtor would lose its most valuable assets.

12. DTEET has done everything in its power to give the Debtor an opportunity to preserve the value of the customer contracts. DTEET essentially funded the Debtor's operating losses for years while management pursued opportunities to sell the contracts or obtain capitalization to resolve outstanding defaults, however the Debtor consistently refused to execute on opportunities that were presented. More recently, DTEET and the Debtor were engaged in negotiations over a transaction that would have permitted either a secured party sale of the customer contracts, or other actions to preserve the value of the customer contracts, but the Debtor's management abruptly ended those negotiations and filed the instant chapter 7 case.

## BASIS FOR RELIEF

13. Section 706(b) of the Bankruptcy Code allows the Court to convert a case under chapter 7 to one under chapter 11 of the Bankruptcy Code "[o]n request of a party in interest and after notice and a hearing." 11 U.S.C. § 706(b). Whether to convert a case under section 706(b) if left to the discretion of the Court and should be based on the Court's "determination of what will most inure to the benefit of all parties in interest. *Lockheed Corp. v. Pickens (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1161 (5th Cir. 1988). As one court put it, "a Court should consider anything relevant that would further the goals of the Bankruptcy Code." *In re Lobera*, 454 B.R. 824, 854 (Bankr. D.N.M. 2011).

14. Here, continuing in chapter 7 will not inure to the benefit of parties in interest. Instead, it would essentially guarantee loss of the Debtor's customer contracts and the associated value that could otherwise provide a recovery to creditors in this case. Conversely, conversion of the case would allow for continued operation of the Debtor's business and an orderly sale process that will maximize the value of the Debtor's estate. *See, e.g.*, *In re Gordon*, 465 B.R. 683, 692 (Bankr. N.D. Ga. 2012) (holding that conversion was in the best interests of creditors because it would maximize the value of the Debtor's estate). Allowing the customer contracts to be

6

transferred to POLR also is likely to negatively affect the Debtor's customers as POLR rates typically are higher than the rates under customers' existing contracts.

15.     Additionally, section 1104 of the Bankruptcy Code states that "on request of a party in interest" the Court shall order the appointment of a trustee . . . (1) for cause, including . . . incompetence or gross mismanagement . . . ; or (2) if such appointment is in the interest of creditors, any equity security holder, and any other interest of the estate." 11 U.S.C. § 1104(a).

16.     Causes exists to appoint a chapter 11 trustee upon conversion because the Debtor's management has already abandoned management of the Debtor to a trustee by filing this case. Further, as set forth above, the Debtor's prior management has shown that it is completely unable to manage the business properly and act in a commercial manner. In negotiations with DTEET prior to the Petition Date, prior management consistently prioritized their own interests and the interests of the Equityholders over those of the Debtor. Allowing such management to retake control of the Debtor after conversion would defeat the purpose of the conversion in the first place.

17.     Prior management has already demonstrated its unwillingness operate the Debtor or to work with DTEET, its primary secured creditor. A chapter 11 trustee would be a neutral party with the primary goal of maximizing the value of the Debtor's estate. Further, to the extent any causes of action exist against the Debtor's current management for breaches of their fiduciary duties, a chapter 11 trustee would be best placed to examine and bring such causes of action for the benefit of the Debtor's estate.

18.     DTEET supports an orderly liquidation process and is prepared to work with a chapter 11 trustee (or the Trustee if the Trustee is authorized and willing to operate the business under section 721 of the Bankruptcy Code) on such a process, including negotiating consensual use of DTEET's cash collateral and/or the provision of debtor-in-possession financing, to allow

for an orderly sale process of the customer contracts. Continued operations under the guidance of a chapter 11 trustee is the best option for maximizing the value of the Debtor's assets for the benefit of all stakeholders.

### EMERGENCY CONSIDERATION

19. Pursuant to Local Bankruptcy Rule 9013-1(i), emergency consideration is warranted because any interruption in the Debtor's operations could cause ERCOT to transfer the Debtor's customer contracts to POLR, upon which the estate's primary assets of value will be lost. Further, DTEET understands that, as a result this Chapter 7 filing and the anticipation of such filing in the Texas energy market, brokers for these types of contracts have been actively soliciting customers to leave the Debtor for alternative REPs. For these reasons, the risk of loss of value increases substantially each day, resulting in immediate and irreparable harm to the Debtor's estate and creditors.

[*Remainder of page intentionally left blank*]

**WHEREFORE**, DTEET respectfully requests that the Court enter the proposed Order substantially in the form attached here, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Signed: March 16, 2021
      Houston, TX

Respectfully submitted,

*/s/ David A. Zdunkewicz*
David A. Zdunkewicz (TX Bar No. 22253400)
Joseph P. Rovira (TX Bar No. 24066008)
Philip M. Guffy (TX Bar No. 24113705)
**HUNTON ANDREWS KURTH LLP**
600 Travis Street, Suite 4200
Houston, Texas 77002
Tel:   713-220-4200
Fax:  713-220-4285
Email: dzdunkewicz@huntonak.com
        josephrovira@huntonak.com
        pguffy@huntonak.com
-and-

Peter S. Partee, Sr. (to be admitted *pro hac vice*)
Robert A. Rich (to be admitted *pro hac vice*)
**HUNTON ANDREWS KURTH LLP**
200 Park Avenue
New York, New York 10166
Tel:   212-309-1000
Fax:  212-309-1100
Email: ppartee@huntonak.com
        rrich2@huntonak.com

*Counsel for DTE Energy Trading, Inc.*

**CERTIFICATION PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1(i)**

I certify pursuant to Local Bankruptcy Rule 9013-1(i) that the foregoing is true and correct to best of my knowledge and information.

*/s/ David A. Zdunkewicz*
David A. Zdunkewicz

**CERTIFICATE OF SERVICE**

I certify that on March 16, 2021, a true and correct copy of the foregoing document was served on counsel for the Debtor, Matthew S. Okin, via email at mokin@okinadams.com; the Trustee, Randy W. Williams, via email at rww@bymanlaw.com; the Office of the United States Trustee; and via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ David A. Zdunkewicz*
David A. Zdunkewicz

061844.0000009 EMF_US 84335152v5