**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: Brilliant Energy, LLC | § | Case No. 21-30936 |
| | § | (Chapter 7) |
| DEBTOR | § | |

## NOTICE OF STANDING AND INDISPENSABLE PARTY STATUS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Randy W. Williams, chapter 7 trustee (the "Trustee") files this Notice of Standing and Indispensable Party Status, and in support thereof would respectfully show this Court as follows:

1. This case was filed on March 16, 2021.

2. Randy W. Williams is the duly appointed and qualified chapter 7 Trustee in this case.

3. In response to the Order found at docket #281, the Chapter 7 Trustee files this notice that as chapter 7 trustee, he has standing to seek that Jackson Walker LLP return compensation to this bankruptcy estate, and/or is an indispensable party, and/or is a party-in-interest.

4. The basis for the assertion of standing or indispensable party status is as follows:

   a) The Trustee is a party-in-interest.

   b) The Trustee has standing as a result of the duties imposed upon him as chapter 7 trustee by the United States Bankruptcy Code and the duty to administer this bankruptcy estate.

   c) The Trustee hired Jackson Walker LLP as Special Counsel in this case. See Order Approving Application to Employ Jackson Walker LLP as Special Counsel at docket #131

   d) This chapter 7 case is not closed and to the extent Jackson Walker LLP has to return funds to the estate, such funds would have to be paid to the Trustee for disbursement as provided in existing orders in this case and the priority scheme set forth in existing orders and the Bankruptcy Code and Rules.

5. For purposes of disclosure, the Trustee was not consulted by the U.S. Trustee prior to the filing of their Motion, and has not been consulted by the parties since regarding the prosecution of that matter.

6. Because the U.S. Trustee sought to prosecute the action, the Trustee did not retain, and does not plan on retaining, separate counsel to file any pleadings related to the issues raised in the filings by the U.S. Trustee. It would not be an efficient use of estate resources for multiple lawyers to be involved prosecuting the same claims.

7. The Trustee is filing this Notice out of an abundance of caution because the Trustee does not believe that the U.S. Trustee has authority to resolve or settle the litigation without his consent or at least notice of any resolution or settlement and an opportunity to object.

8. To date, the Trustee has reviewed the filings by the U.S. Trustee and Jackson Walker LLP in this case and the filings in related cases, and special dockets, and adopts and agrees with the allegations and arguments put forth by the U.S. Trustee in those pleadings.

9. The Trustee believes that in this case, as well as the other former Judge Jones cases, the U.S. Trustee's Office is in the best position to carry out prosecution of the claims that have been asserted, including but not limited to, whether referrals should be made to local and State bar disciplinary committees.

10. For purposes of full disclosure, prior to Judge Jones appointment to the bench, the Trustee employed attorney David Jones as both general and special counsel in bankruptcy cases and paid his law firm, Porter Hedges, substantial legal fees that were approved by the Courts for those cases. Elizabeth Freeman who was also at Porter Hedges worked with David Jones on most of those cases on the Trustee's behalf. Over the years, the Trustee employed Bruce Ruzinsky, Matt Cavenaugh, and Elizabeth Freeman of the Jackson Walker LLP firm as general and/or special counsel to the trustee in several cases and also paid them significant legal fees that were approved by the Courts for those cases.

11. In this case, the Trustee retained Bruce Ruzinsky of Jackson Walker to represent him as special counsel. Bruce Ruzinsky was the Trustee's sole contact regarding this case, and the involvement of other attorneys at the firm was restricted/limited due to concerns raised by the estate's largest creditor, who was also a secured creditor. The Trustee has known Mr. Ruzinsky since he entered legal practice, and during the first four years of the Trustee's practice as an attorney he worked at the same firm with Mr. Ruzinsky. The Trustee believes Mr. Ruzinsky to be an exceptional attorney whose abilities were well suited to assist with the administration of this case. The Trustee never discussed this case with Elizabeth Freeman, although as stated above, Ms. Freeman worked with the Trustee on other cases while she was at Jackson Walker.

12. The Trustee believes that these disclosures further support his decision to consent to the U.S. Trustee's prosecution of these claims, not only for the cost saving and efficiency of

prosecution, but because of the fact that the Trustee has had prior attorney client arrangements with many of the key parties involved in this dispute.

13. For the reasons stated herein, the Chapter 7 Trustee asserts that he possesses standing, and/or indispensable party status, and/or is a party-in-interest related to this dispute.

Dated: March 12, 2024

**Byman & Associates, PLLC**

/s/ _Randy W. Williams_____
Randy W. Williams
State Bar No. 21566850
7924 Broadway, Suite 104
Pearland, TX 77581
281-884-9269 Office Phone
281-884-9263 Fax
rww@bymanlaw.com
Chapter 7 Trustee

### Certificate of Service

I hereby certify that on March 12, 2024, a true and correct copy of this Notice was served upon all parties registered to receive electronic notice via the Court's electronic filing system.

/s/ Randy W. Williams
Randy W. Williams